IN THE UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PEGGY SUZANNE POWELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Case No. H-06-972 |
| | § | Jury |
| RAYMOND COOKE, WALLER | § | |
| COUNTY, TEXAS, DR. FOREST | § | |
| WRIGHT AND JAMES GARLAND | § | |
| WILLIAMS, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Defendants Raymond Cooke and Waller County's Motion to Dismiss for Failure to State a Claim or in the Alternative, Motion for a More Definite Statement and to Compel a Rule 7(a) Reply (Document No. 8). Having considered the motions, submissions, and applicable law, the Court determines that the motions should be granted in part.

## BACKGROUND

In August 2001, Peggy Suzanne Powell ("Powell") was arrested pursuant to a warrant obtained by Constable Raymond Cooke ("Cooke"), who was the elected constable of Waller County ("County") at that time. In the instant action, Powell alleges a violation of her constitutional rights under 42 U.S.C.§ 1983 stemming from

the August 2001 arrest and "continuing to the present." Powell asserts that the County and Cooke, in his individual capacity and his official capacity, violated her constitutional rights by falsely arresting her without probable cause.[1] Powell further avers that Cooke conspired to violate her parental possessory rights under the Texas Family Code. In response, Defendants filed a motion to dismiss asserting that Plaintiff fails to allege facts which support her claims under § 1983 and defeat Defendants' qualified immunity defense. Alternatively, Defendants request a Rule 7(a) reply, which pleads with sufficient specificity to overcome Defendants' affirmative defense of qualified immunity.

## STANDARD OF REVIEW

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) the court accepts Plaintiff's factual allegations as true. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 2000). The court will only grant a motion to dismiss under Rule 12(b)(6) if the allegations show that plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Id.* Generally, the court will not look beyond the pleadings to determine whether relief should be granted. *Id.* However, the court may refer to matters of public record to decide a Rule 12(b)(6)

---

[1] To the extent Powell has claims against Cooke in his official capacity, such claims are redundant because suing a county actor in his official capacity is the equivalent of suing the County. *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

motion.  *Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir. 1994).

## A. Plaintiff's Claims Against The County Under § 1983.

Powell alleges that the County is liable for the allegedly wrongful conduct of Cooke.  Specifically, Plaintiff asserts that Cooke, who effected the allegedly unlawful August 2001 arrest, qualifies as a policy maker for the County and, therefore, the County is liable for his actions.  To bring a §1983 claim against a county, plaintiff must show that the county acted in accord with a policy or custom which caused her alleged deprivation of Constitutional rights. *Campbell v. City of San Antonio,* 43 F.3d 973, 977 (5th Cir. 1995).  An unconstitutional policy may be inferred from a single incident if an individual deemed an official policy-maker makes a decision which deprives a person of his or her constitutional rights.  *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986).

State law determines which actors qualify as official policy-makers.  *Keenan v. Tejeda*, 290 F.3d 252, 262-63 (5th Cir. 2002).  Under Texas law it is well established that county constables are not, as a matter of law, "policy makers" in the area of law enforcement.  *Id.*  Therefore, Powell's claims that Cooke is a policy-maker and that his allegedly wrongful acts impose liability on the County are not supported by law.  *See id.*  Accordingly, Plaintiff's claims under § 1983 against the County and Cooke in his official capacity are dismissed.

## B. Plaintiff's Claims Against Cooke Individually For Conspiracy To Violate Plaintiff's Parental Possessory Rights Under The Texas Family Code.

Powell alleges that Cooke should be liable for conspiracy to violate her parental possessory rights under the Texas Family Code. Chapter 42 of the Texas Family Code (collectively "Chapter 42") creates civil liability for interference with possessory interests in a child. TEX. FAM. CODE ANN. § 42.001-42.009 (Vernon 2002). A person who takes or retains possession of a child or conceals the whereabouts of a child in violation of a possessory right of another may be liable for damages to that person. § 42.002 (a). A person who aids or assists in such conduct is jointly and severally liable for damages. § 42.003(a). Under the definitions section of Chapter 42, a possessory right means a court-ordered right of possession or access to a child. § 42.001(2).

Chapter 42 relates solely to physical interference with possession, such as "taking," "retaining," or "concealing" a child in violation of a court order. *Black v. Jackson*, 82 S.W.3d 44, 54-55 (Tex. App.–Tyler 2002, no pet.). An allegation of physical interference is essential to a claim under Chapter 42. *Id.* at 55. Additionally, liability will not be imposed unless the third party, at the time of the violation, had actual notice of the order granting possessory rights, or had reasonable cause to believe that the child was subject to an order. § 42.003 (b)(1)-(2).

In the instant case, Powell has failed to plead that Cooke aided or assisted in

4

physical interference with her possessory rights by committing any act prohibited by Chapter 42. In fact, Powell has acknowledged that her possessory rights have been interfered with through judicial procedure and pursuant to court orders. Therefore, Powell fails to state a claim against Cooke under Chapter 42 and cannot sustain a claim for conspiracy. *See Black*, 82 S.W.3d at 55. Accordingly, to the extent Plaintiff alleges that Cooke conspired to violate her parental possessory rights under Chapter 42, this claim is dismissed. *Id.*

## C. Rule 7(a) Reply and Qualified Immunity

In response to Plaintiff's complaint, Cooke asserts the affirmative defense of qualified immunity and moves to compel a Rule 7(a) reply from Plaintiff.[2] The United States Court of Appeals for the Fifth Circuit has analyzed Rule 7(a), which permits a court to order a plaintiff to reply to an answer, as it applies when a defendant asserts the affirmative defense of qualified immunity to a plaintiff's claims arising under § 1983. *See Schultea v. Wood*, 47 F.3d 1427, 1433-34 (5th Cir. 1995). The Fifth Circuit recognizes that, "[w]hen a public official pleads the affirmative defense of qualified

---

[2] Qualified immunity requires a two step analysis. *Keenan v. Tejeda,* 290 F.3d 252, 261 (5th Cir. 2002). First the court will ask whether the facts alleged construed most favorable to the party asserting injury show that the officer's conduct violated a constitutional right. *Id.* The next question is whether a reasonable officer in the situation would clearly understand that his conduct was unlawful. *Id.* If the officer's conduct was objectively reasonable in the light of clearly established federal law, he is entitled to qualified immunity from suit. *Id.*

5

immunity in his answer the district court may on the official's motion or in its own, require the plaintiff to reply to that defense in detail." *Id.* at 1433. This heightened pleading associated with § 1983 claims "requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiff's injury." *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999). Courts possess limited discretion in determining the propriety of ordering the plaintiff to reply to the affirmative defense of qualified immunity. *Schultea*, 47 F.3d at 1434. The Fifth Circuit has determined that, "[v]indicating the immunity doctrine will ordinarily require such a reply, and a district court's discretion not to do so is narrow indeed when greater detail might assist." *Id.*

Powell's complaint makes conclusory allegations that Cooke "had no reasonable basis for the facts alleged in the Complaint and Affidavit for Warrant" upon which the state court ostensibly relied in issuing Powell's arrest warrant. Powell's complaint further concludes that Cooke executed the Complaint and Affidavit for Warrant "upon known false information." However, Powell fails to identify which facts, if any, used to obtain the warrant were false. After reviewing Powell's complaint, the Court determines Cooke is entitled to a Rule 7(a) reply as to Powell's claims against Cooke for violation of her civil rights under § 1983. The Rule 7(a) reply must include specific facts that if proven, would warrant Powell's contention that she was falsely arrested

without probable cause because Cooke obtained a warrant upon known false information provided by Cooke.

Moreover, Cooke seeks a Rule 7(a) reply with respect to Powell's conspiracy claim. Section 1983 does not provide a cause of action for conspiracy to deny due process unless there is an actual denial of due process. *Hale v. Townley,* 45 F.3d 914, 920 (5th Cir. 1995). Here, Powell has failed to allege with any sufficient specificity how Cooke has denied her due process rights. Powell merely alleges that Cooke, Defendant Dr. Forrest Wright, and Defendant James Garland Williams "act[ed] in concert and with a purpose to . . . violate her civil rights." Powell fails to allege any conduct on Cooke's part that would show he acted in concert with other Defendants to obtain the allegedly unlawful warrant. To the extent Plaintiff is claiming that Cooke conspired to violate her civil rights, Plaintiff must reply with more specificity to overcome Defendant's assertion of qualified immunity. Specifically, Plaintiff must plead facts which taken as true could support her claim that she was deprived of a constitutional right to due process by Cooke's alleged conduct. Based on the foregoing, the Court hereby

ORDERS that Defendants' Motion to Dismiss (Document No. 8) is GRANTED as to all claims against the County and Raymond Cooke in his official capacity. Powell shall take nothing from the County. The Court further

ORDERS that Defendants' Motion to Dismiss (Document No. 8) is GRANTED as to claims against Cooke individually under the Texas Family Code. The Court further

ORDERS that Defendant's Motion for More Definite Statement and to Compel a Rule 7(a) reply (Document No. 8) is GRANTED. Powell shall provide Defendant with specific details concerning the acts, omission, and/or conduct that makes Cooke personally liable for depriving Powell of her constitutionally protected rights. Powell shall file the reply within twenty days of the entry of this Order. If she fails to do so, all of her claims against Cooke will be dismissed. The Court further

ORDERS that all other requested relief is DENIED without prejudice. Defendant may re-urge its motion after Plaintiff files a Rule 7(a) reply, if any.

SIGNED at Houston, Texas, on this 30th day of June, 2006.

_David Hittner_

DAVID HITTNER

United States District Judge